UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-CR-43-REW-HAI-2 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| PATRICIA MESSER, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 131 (Rearraignment Minute Entry), Magistrate Judge Ingram recommended that the undersigned accept Defendant Patricia Messer's guilty plea and adjudge her guilty of Count One of the Indictment. *See* DE 132 at 2 (Recommended Disposition); *see also* DE 134 at 1 (Plea Agreement). Judge Ingram expressly informed Defendant of her right to object to the Recommended Disposition to secure *de novo* review. *See* DE 132 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 132, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One (the lone count) of the Indictment (DE 1);

2. The Court **CANCELS** the jury trial in this matter as to this defendant only; and

3. The Court **ORDERS** Messer to surrender herself to the custody of the United States Marshal by April 15, 2022 at 2 p.m. She shall be detained pending sentencing.[1]

4. The Court will issue a separate sentencing order.

This the 11th day of April, 2022.

Signed By:
*Robert E. Wier* /REW/
United States District Judge

---

[1] Upon concluding the hearing, Judge Ingram ordered Messer to remain temporarily on bond under the same release conditions previously imposed at her detention hearing. *See* DE 131 at 2 (Rearraignment Minute Entry); DE 43 (Order Setting Conditions of Release); *see also* DE 42 (Detention Hearing Minute Entry). However, now that Messer's conviction has ripened, detention pending sentencing is mandatory under 18 U.S.C. § 3143(a)(2). Perceiving no exception, the Court directs Messer to report to the Marshal.